## No. 12,781.

### J. P. FLOURNOY AND WIFE VS. SHREVEPORT BELT RAILWAY COMPANY ET AL.

Persons manning and operating. street cars are expected to be careful at the crossings. The company must exercise reasonable care to provide men enough to properly control a train consisting of a motor car and a trailer. At deep grades leading to railroad crossings there should be a motorman and conductor aboard the train and in charge. There was only a motorman. The injuries, occasioned by the collision between the street cars and the passing train at the crossing, were injuries for which the defendant company must be held responsible in damages.

APPEAL from the First Judicial District Court for the Parish of Caddo. *Land, J.*

*T. Alexander* for Plaintiff, Appellee.

*Joel Edwin Dean* and *Wise & Herndon* for Defendants, Appellants.

Argued and submitted March 23, 1898.
Opinion handed down April 4, 1898.

The opinion of the court was delivered by

BREAUX, J.   The object of this suit was to recover damages for injuries received by plaintiff in a collision between the train of the defendant company and the train of the Texas & Pacific Railway Company on the twenty-fourth day of July, 1896, at about six o'clock P. M.

As the train consisting of two .cars, one trailer and the motor car of the defendant Belt Line Street Railway, started to move down a steep grade to a railway crossing, the passenger train of the Texas· & Pacific Railway was about to pass.   It had given the usual signal and was on schedule time.   The Belt Street Railway, sliding down without restraint, collided with the moving train of the Texas & Pacific Railway.   The motorman did not stop his cars as required by the regulations of the municipality, and the common rules of safety to passengers.

The greatest part of the forward end of the defendant motor car was taken off, and some damage was done to the passing train of the Texas & Pacific.

The plaintiff jumped off at the same time that other passengers jumped from the street car, and was injured.

Regarding her injuries the attending physician testified that her bruises and wounds showed that she had sustained a great shock.

She received a blow on the head, bruising it, and injuring the superorbital nerve. She had a severe contusion on the upper jaw bone. She had bruises on the shoulder, caused by the fall, and on her face. The plaintiff in consequence could not, during some eight or ten days, attend to her household duties. She remained several months under medical treatment and suffered pain.

We pass to the manner the car was operated.

The witnesses agree that the presence of two men, the motorman and conductor, is needful in running two cars, a trailer and motor car, on uneven ground, or over steep grades, as was the case here.

The necessity was more urgent from the fact that the motorman had only been recently employed as motorman. There was nothing about the train not in good order. The cars and appliances were inspected every night, and no defect was discovered about them immediately after the accident.

The loss of control of this train, and its gliding down the rails and colliding with a passing train, was manifestly owing to the inexperience of the motorman, or the absence of an additional man to assist in properly applying the back brakes. In either case the company was responsible for the injuries received.

In accordance with the agreement of counsel, the evidence taken in case of Russel against Shreveport Belt Railway Company was used and read as evidence in this case as far as applicable.

The verdict of the jury was for one thousand dollars. After having considered all of the testimony we are constrained to reduce the amount to seven hundred and fifty dollars. We feel confident that the jury must have overlooked one fact in arriving at the verdict, to which we can not do otherwise than give effect. When one suing chooses to fix the amount by any act or deliberate utterance we can not well avoid giving it effect. She consented to accept that amount.

It is therefore ordered, adjudged and decreed that the judgment appealed from is amended by reducing the amount of the judgment from one thousand dollars to seven hundred and fifty dollars.   And that appellee pay the costs of appeal.

BLANCHARD, J., recused, having been of counsel.